v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 14, 1992.

Decided Feb. 26, 1993.

Scott A. Scurfield, for petitioner.

Belinda Davis–Branch, Asst. Counsel, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

L.R. (Petitioner) appeals from an order of the Department of Public Welfare, Office of Hearings and Appeals (Department) which adopted a hearing officer's recommendation to deny expungement of Petitioner's name from an indicated

report of child abuse maintained under the Child Protective Services Law (the Law), Act of December 19, 1990, P.L. 1240, as amended, 23 Pa.C.S. §§ 6301–6384.[1] We affirm.

Petitioner was accused, by the child's mother, of sexually abusing his three-year-old daughter, B.A.R., after Petitioner had spent the day with his daughter.[2] The mother notified Somerset County Children and Youth Services (CYS) which investigated the allegations.

CYS informed Petitioner that its investigation into the alleged sexual abuse of his daughter had resulted in the filing of an "Indicated" report[3] naming Petitioner as the perpetrator of the abuse. Petitioner appealed the filing of the abuse report and an administrative hearing was held.

At the hearing, Petitioner testified that no such abuse had occurred. Petitioner's girlfriend testified that she was with Petitioner the entire time he was with the two girls and that no abuse occurred. The mother of the child testified that the child acted strangely and revealed that her father had done inappropriate things to her. A caseworker and a counselor of CYS both testified that the daughter had been sexually abused by the father.

The hearing officer made specific findings of fact, among them:

4. After that visit, B.A.R. told her mother that her father had touched her pee-pee and put his finger in her pee-pee and licked and sucked her pee-pee. (N.T. 10 and 11).
5. Pee-pee is the word that B.A.R. uses for her genital area. (N.T. 17).

1. Section 6303 of the Law defines "Indicated Report" as "a report made pursuant to this chapter if an investigation by the child protective service determines that substantial evidence of the alleged abuse exists based on any of the following: (1) Available medical evidence. (2) The child protective service investigation. (3) An admission of the acts of abuse by the parent of the child or person responsible for the welfare of the child."

2. Petitioner and the mother were separated and seeking a divorce when the alleged incident took place.

3. The filing of an indicated report places the name, social security number, home address, etc. on a statewide central register. 23 Pa.C.S. §§ 6336 and 6338.

6. B.A.R. told Ruth Yoder, a caseworker for the Somerset County and Youth Services (CYS) that her father had touched her "there" and in saying "there" she pointed to her vaginal area. (N.T. 17)

7. On July 13, 1988, B.A.R. told Ruth Yoder that her father had touched her pee-pee with his hands, that he had put his mouth on her pee-pee, that he had put her mouth on his pee-pee and that she had screamed at him to stop. (N.T. 18).

8. B.A.R. was referred to the Somerset County Counseling and Treatment Center and received treatment from October 1989 until August 1990. (N.T. 22 and 23).

9. During the course of her treatment, B.A.R. told her counselor, April Baker, that her father had "touched her privates". (N.T. 22).

The hearing officer recommended to the Department that the appeal be denied. This recommendation was adopted. After Petitioner's request for reconsideration was denied, Petitioner appealed to this court.

■ The following issues are raised on appeal: 1) whether testimony by the mother of B.A.R. and the two CYS employees constitutes inadmissible hearsay; and 2) whether substantial evidence exists to support the hearing officer's findings of fact.

■ Our scope of review in expungement proceedings is limited to determining whether the Department's determination violates constitutional rights, is in accordance with the law or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Bucks County Children and Youth Social Services Agency v. Department of Public Welfare*, 151 Pa. Commonwealth Ct. 110, 616 A.2d 170 (1992).

When dealing with the admissibility of hearsay in a situation such as this, the court must be cognizant of the sensitive nature associated with child abuse. Because of the unique problem of proof in abuse record expungement cases, this court in *L.W.B. v. Sosnowski*, 117 Pa. Commonwealth Ct. 120,

543 A.2d 1241 (1988), announced that a hearsay exception, parallel to that used in dependency cases, would be used. Specifically, the court stated that "the criterion for admission by a hearing officer would be a finding that 'the time, content, and circumstances' of the evidence 'provide sufficient indicia of reliability.'" *Id.* at 133–134, 543 A.2d at 1247.

In addition, this court stated "[m]oreover, the hearing officer could regard the caseworker witness, as professional person, to be disinterested and therefore reliable, in contrast to the possibly biased testimony of warring parents and others." *Id.* at 134, 543 A.2d at 1247.

The hearing officer, in her report, discussed the *Sosnowski* rule and found that sufficient indicia of reliability existed as to the child's statements made to both the caseworker and the counselor over a ten-month period.

The reliability of the testimony was based on the fact that the caseworker conducted two separate interviews with B.A.R. during which B.A.R. conveyed through words and the use of anatomically correct dolls that she was abused by Petitioner. Further, the counselor worked with B.A.R. once a week for a period of ten months, and throughout the entire time B.A.R.'s story remained consistent with that originally reported. Additionally, both the caseworker and counselor are disinterested persons.

We agree with the hearing officer that the requirements of *Sosnowski* were met. When the independent nature of both the caseworker and counselor, the consistency of B.A.R.'s story over a ten-month time period and the other evidence surrounding the case is viewed with the criteria of *Sosnowski* in mind, there is sufficient indicia of reliability to allow the testimony to be admitted.

■ The second issue, whether substantial evidence exists to support the hearing officer's findings of fact, is now examined.

■ Evidence is substantial where it so preponderates in favor of a conclusion that it outweighs, in the mind of the factfinder, any inconsistent evidence and reasonable inferences

drawn therefrom. *Children & Youth Services v. Department of Public Welfare,* 103 Pa. Commonwealth Ct. 616, 520 A.2d 1246 (1987).

The mother claims the father abused his daughter. The father denies the claim, alleging that it was a ploy to be used at an upcoming custody hearing. This testimony, in and of itself, might not be enough to satisfy the substantial evidence requirement. However, the testimony of the caseworker and counselor, two disinterested witnesses, was also before the hearing officer. When the testimony of the caseworker and the counselor are examined, in conjunction with the testimony of the mother and the father, substantial evidence exists to support the hearing officer's findings of fact.

We hold that no error of law occurred with respect to the testimony admitted, and that substantial evidence exists to support the hearing officer's findings of fact. Accordingly, we affirm the decision of the Department.

## ORDER

AND NOW, February 26, 1993, the order of the Department of Public Welfare, Office of Hearings and Appeals in the above-captioned matter is affirmed.